**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Concepcion GOMEZ–AGUILAR, aka Concepcion Aguilar–Gomez, Concepcion Aguilar DeGomez, Defendant–Appellant.**

**No. 02–50454.
D.C. No. CR–94–00310–GT.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 16, 2003.

---

* This panel unanimously finds this case suit-

Sherri Walker Hobson, Asst. U.S. Atty., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

John C. Lemon, FPD, FDCA–Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before PREGERSON, THOMAS and PAEZ, Circuit Judges.

## MEMORANDUM**

Concepcion Gomez–Aguilar appeals the revocation of her supervised release and resulting 24–month sentence. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

Gomez–Aguilar contends her due process rights were violated by the three-year delay, between the issuance of the bench warrant seeking her arrest for a violation of supervision and the revocation hearing, because the delay was unreasonable and inherently misleading. Reviewing de novo, *United States v. Havier*, 155 F.3d 1090, 1092 (9th Cir.1998), we find no due process violation. *See Moody v. Daggett*, 429 U.S. 78, 89, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (holding that there is no due process violation in delaying execution of a parole warrant when defendant is serving a state sentence); *see also United States v. Garrett*, 253 F.3d 443, 447–48 (9th Cir. 2001) (discussing *Moody* in revocation of supervised release context), *cert. denied,*

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

535 U.S. 977, 122 S.Ct. 1451, 152 L.Ed.2d 393 (2002).

**AFFIRMED.**